**SUGARLAND INDUSTRIES, INC.,**
**Appellant,**

v.

**A. J. FALCO et al., Appellees.**

No. 3891.

Court of Civil Appeals of Texas.

Waco.

June 15, 1961.

Alvin M. Owsley, Jr., Sam B. Puckett, Houston, for appellant.

Dunnam & Dunnam, Waco, for appellees.

McDONALD, Chief Justice.

This is a venue case involving Subdivision 27, Article 1995, Vernon's Annotated Texas Civil Statutes. Parties will be re-

ferred to as in the Trial Court. Plaintiffs, Falco, Corporo and Falco are farmers in Falls County. Defendant is a foreign corporation but has a principal office in Texas in Fort Bend County. Plaintiffs alleged that they purchased cottonseed for sowing from defendant's agent and employee in Falls County, Texas; that such agent and employee warranted and represented that such seed had a germination rate of 80%; that such cottonseed was labeled as having a germination rate of 80%; that plaintiffs relied on such representations and warranties; that such cottonseed in fact had only a germination rate of 40%; that they planted same and made only one-half a crop because of the misrepresented germination rate, to their damage of $77,000. Defendants filed plea of privilege to be sued in Fort Bend County, where their Texas county of residence is situated. Plaintiffs filed controverting affidavit alleging venue under Subdivision 27, Article 1995, V.A.T.S.

Trial was before the court which, after hearing, entered order overruling defendant's plea of privilege. Such order found that plaintiffs purchased from defendant 235 96 lb. sacks of cottonseed for planting purposes from the authorized agent of defendant, who warranted and represented that such seed had a germination rate of 80% and that such warranty was made in Falls County, Texas; that the seed, when delivered, contained a written warranty that it had a germination rate of 80%; that plaintiffs were induced to purchase same because of the warranty; that the representations were false, and such warranties were breached because the seed was in fact only 47% germinating at the time of delivery; that by reason thereof plaintiffs produced only one-half a stand of cotton and thereby lost profits and suffered damages in Falls County, Texas; that defendant is a foreign corporation and plaintiffs are entitled to maintain venue in Falls County, Texas under the provisions of Subdivision 27, Article 1995, V.A.T.S.

Defendant appeals, contending that there is: 1) no evidence; and, 2) insufficient evidence; to support the Trial Court's finding that plaintiffs made out a cause of action or a part thereof in Falls County, Texas.

The record reflects that plaintiffs were farmers in Falls County, Texas; that Hop Marshall was given the agency of selling cottonseed in Falls County by the defendant foreign corporation; that Hop Marshall sold plaintiffs 235 96 lb. sacks of cottonseed, representing and warranting same to have an 80% germination rate; that the sacks when delivered to plaintiffs in Falls County had a tag on same, warranting an 80% germination rate; that plaintiffs relied on such representations and warranties; that plaintiffs planted the seed and missed one-half a stand; that plaintiffs had the State Department of Agriculture test the seed and that same tested out 47% germination rate; that plaintiffs sustained financial loss as a result.

■ Subdivision 27, Article 1995, provides that foreign corporations doing business within this State may be sued in any county where the cause of action or a part thereof occurred. The plaintiffs had the burden of pleading and proving by a preponderance of the evidence venue facts as follows: 1) that defendant is a foreign corporation; 2) that they had a cause of action against defendant; and 3) that the cause of action or a part thereof arose in Falls County. See: Meadolake v. Estes, Tex.Civ.App., 218 S.W.2d 862; United States Pipe & Foundry Co. v. City of Waco, Tex.Civ.App., 100 S.W.2d 1099; 130 Tex. 126, 108 S.W.2d 432.

■ We think the plaintiffs alleged and proved that defendant was a foreign corporation, and that they had a cause of action against defendant, a part of which arose in Falls County, Texas. Defendant's points are overruled and the judgment of the Trial Court is Affirmed.